**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**KRISTINA L. BENSON,**

    **Plaintiff,**

**v.**                                                                                                                    **No. 19-cv-0457 SMV**

**ANDREW SAUL,[1]**
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Immediate Benefits or a Rehearing [Doc. 19], filed on October 9, 2019. The Commissioner responded on January 15, 2020. [Doc. 22]. Plaintiff replied on February 24, 2020. [Doc. 25]. The parties have consented to my entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standard in evaluating the "non-physical" opinion of Dr. Raza, and her reason for rejecting the opinion was not supported by substantial evidence. The Court declines to pass on Plaintiff's other allegations of error. The Motion will be granted, and the case will be remanded for an immediate award of benefits. *See* 42 U.S.C. § 405(g).

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see* 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff alleges disability since 2009 due to a combination of mental and physical problems. She first applied for a period of disability and disability insurance benefits (referred to as "social security disability insurance" or "SSDI") and supplemental security income ("SSI") on April 8, 2009. Tr. 136, 142. She alleged a disability-onset date of January 15, 2009. Tr. 136. Her claims were denied initially and on reconsideration. Tr. 10. ALJ Donna Montano found that Plaintiff suffered from severe diabetes mellitus, probable left carpel tunnel syndrome, and adjustment disorder. Tr. 12. As a result, ALJ Montano found that Plaintiff could not perform more than a limited range of medium, semi-skilled work. Tr. 14. The ALJ agreed that Plaintiff could not return to her past work but found that she could perform other work that existed in significant numbers in the national economy. Tr. 14–19. Plaintiff initiated her first appeal to this Court, and the undersigned found that remand was warranted for reevaluation of Dr. Moedl's opinion (specifically regarding Plaintiff's ability to finger) and Dr. Walker's opinion (on Plaintiff's mental limitations). Tr. 545–49; *Benson v. Colvin*, No. 13-cv-0781 SMV, 2014 WL 12783017 (D.N.M. Dec. 3, 2014) (first federal court decision).

On the first remand, ALJ Ann Farris held a second administrative hearing. ALJ Farris determined that Plaintiff was disabled beginning on August 16, 2013, and that she met two Listings: 12.04 (for depressive, bipolar, and related disorders) and 12.06 (for anxiety and obsessive-compulsive disorders). Tr. 406–11. Plaintiff was awarded SSI benefits for her disability beginning on August 16, 2013.

As to the time period prior to August 16, 2013, ALJ Farris determined that Plaintiff suffered from severe diabetes mellitus with peripheral neuropathy, bilateral carpal tunnel syndrome,

3

post-traumatic stress disorder ("PTSD"), and adjustment disorder.  Tr. 398.  ALJ Farris found that Plaintiff met no Listing and that she retained the ability to perform a limited range of light work, with frequent fingering and no interaction with the public.  Tr. 398–400.  The ALJ agreed that prior to August 16, 2013, Plaintiff could not return to her past work, but she found that Plaintiff could perform other work that existed in significant numbers in the national economy.  Tr. 405.  Plaintiff's claim for SSDI benefits was denied altogether because she was found not disabled as of her date last insured ("DLI"), March 31, 2011.  Tr. 386.

Plaintiff initiated her second appeal to this Court.  The Honorable Gregory J. Fouratt, United States Magistrate Judge, agreed with Plaintiff that the date her mental impairments became disabling was ambiguous and that, therefore, the ALJ had erred in failing to apply Social Security Ruling ("SSR") 83-20 to determine the disability-onset date with the assistance of a medical advisor.  Tr. 1623; *Benson v. Berryhill*, No. 16-cv-1009 GJF, 2018 WL 461093 (D.N.M. Jan. 18, 2018) (second federal court decision).

On the second remand, ALJ Ann Farris held a third administrative hearing on December 18, 2018, in Albuquerque, New Mexico.  Tr. 1509, 1537–64.  Plaintiff appeared with her attorney.  *Id.*  The ALJ heard testimony from medical advisor Kristy Farnsworth, Ph.D.; Plaintiff; and an impartial vocational expert ("VE"), Molly M. Kelly.[3]  *Id.*

The ALJ issued the third decision on March 12, 2019, determining that Plaintiff was not disabled between January 15, 2009 (the alleged onset date), and August 15, 2013 (the day before August 16, 2013, when Plaintiff had already been determined disabled).  Tr. 1524.  Although the

---

[3] Plaintiff's significant other was also present, but the ALJ did not hear testimony from him.  Tr. 1542.

technical time period at issue is January 15, 2009, to August 15, 2013, the date that really matters is March 31, 2011, Plaintiff's DLI.  Tr. 386, 1511.  If Plaintiff had been disabled on or before March 31, 2011, she would be entitled to SSDI benefits for the entire period of disability.  Tr. 386. If she became disabled after March 31, 2011, she would be entitled to SSI benefits for that time period but not SSDI benefits.  *Id.*

Applying the five-step sequential evaluation process,[4] the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since January 15, 2009, her alleged onset date.  Tr. 1511.  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bilateral carpal tunnel syndrome, status-post repair; diabetes mellitus with diabetic neuropathy; and obesity.  Tr. 1512.  The ALJ also found that Plaintiff's hypertension, diabetic retinopathy, PTSD, and adjustment disorder with depression and anxiety were not severe.  *Id.*

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 1516.  Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 1517–21.  The ALJ found that Plaintiff had

> the [RFC] to perform less than a full range of sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a), during the period at issue.  She could frequently but not constantly handle and finger, and she was limited to simple, routine tasks.

Tr. 1517.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as a human resources director or housekeeper.  Tr. 1521–22.  Accordingly, the ALJ went on to

---

[4] Plaintiff does not challenge the ALJ's use of the five-step sequential evaluation process.  *See* [Doc 19].

consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 1522–23. She found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. Tr. 1522–24. Plaintiff filed this third appeal on May 17, 2019. [Doc. 1].

## **Discussion**

Plaintiff challenges the ALJ's rejection of Dr. Raza's "non-physical" opinion dated August 16, 2013, and Defendant does not dispute her position.[5] *See* [Doc. 22]. The ALJ's one reason for rejecting the opinion has too little connection to the opinion to sustain rejecting it altogether. Even if the reason were very liberally construed, it would still not be supported by

---

[5] Defendant declines to defend the ALJ's evaluation of Dr. Raza's opinion. *See* [Doc. 22]. Instead, Defendant seems to argue that the evaluation of Dr. Raza's opinion does not matter. He argues that the premise of Plaintiff's arguments is misplaced because the second federal-court remand order explicitly required the ALJ to call a medical advisor to assist with inferring an onset date, which the ALJ did. [Doc. 22] at 5–7. Defendant appears to conclude that, before this Court, Plaintiff may only challenge the calling of the medical advisor (or the portions of the ALJ decision that relate to her testimony), and that Plaintiff has no recourse as to any other portion of the ALJ's decision, even if another portion were legally erroneous or lacked substantial evidentiary support. *See id.* Rather than responding Plaintiff's arguments, therefore, Defendant urges that Plaintiff "fail[s] to show that the ALJ ***should have*** . . . deviate[d] from the Court's remand order." *Id.* at 7. Defendant relies on *Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir. 2009) and *Grigsby v. Barnhart*, 294 F.3d 1215, 1219 n.4 (10th Cir. 2002), but these authorities do not go as far as Defendant. Neither limits Plaintiff's ability to challenge errors in the ALJ's March 12, 2019 decision to those that relate to the second federal-court remand order.

When the case was remanded by the federal court for a second time, the unfavorable portion of the ALJ's May 10, 2016 decision (that Plaintiff was not disabled prior August 16, 2013) was reversed. *See* Tr. 1623. The Appeals Council, pursuant to the federal-court remand, explicitly directed the ALJ to hold a third hearing, take any action necessary to complete the record, and to "*issue a new decision on the issue of disability before August 16, 2013*." Tr. 1626–27 (emphasis added) (order of the Appeals Council of April 16, 2018, remanding to the ALJ for a third hearing and third decision). The ALJ, in fact, did explicitly issue a *new decision* regarding whether Plaintiff was disabled prior to August 16, 2013. Tr. 1539–40 (At the third administrative hearing, the ALJ explained: "I want you to know that I'm not bound by the prior decisions, except as directed by the court, where the prior decision that granted you benefits, August 16, 2013, remains in force. So[,] we're only considering the period prior to that."); Tr. 1509 (ALJ's March 12, 2019 decision: "Pursuant to the District Court remand order, in its order dated April 16, 2018, the Appeals Council has directed me to offer the claimant an opportunity for hearing, take any further action needed to complete the administrative record, and issue a new decision on the issue of disability before August 16, 2013."). This new decision (as to the period of time prior to August 16, 2013), may be challenged by Plaintiff, *see* 42 U.S.C. § 405(g), and the Court sees no reason to limit that challenge to the issue identified in the second federal-court remand order.

substantial evidence.  Further, even if it were supported by substantial evidence, it would not be the product of the correct legal standard because it is missing a required component.  Reversal is required.  The Court declines to pass on Plaintiff's other allegations of error.  The Motion will be granted, and the case will be remanded for an immediate award of benefits.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  This is known as the "treating physician rule."[6]  *Langley*, 373 F.3d at 1119.  The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight.  *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

In order to receive controlling weight, a treating physician's opinion must be both supported by medical evidence and consistent with the record.  If not, the opinion may not merit controlling weight but still must be given deference and weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

---

[6] Defendant does not dispute that the treating physician rule applies to this case.  *See* [Doc. 25].  Although the treating physician rule no longer applies to newer cases, because Plaintiff filed her claims prior to March 17, 2017, it appears that the treating physician rule governs.  *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).  However, not every factor is applicable in every case, nor must an ALJ always analyze all six factors.  What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight she ultimately assigns to the opinion.  *Langley*, 373 F.3d at 1119; *see Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two distinct phases.  First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record.  Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above.  Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

Here, Plaintiff's treating physician, Dr. Raza, offered an opinion on Plaintiff's functional limitations resulting from her pain-producing impairments.  Tr. 1319.  His opinion considered Plaintiff's medical history and findings from 2009 through August 16, 2013.  *Id.*  That is, it included a retrospective opinion that related to the time period relevant to this appeal, to wit: January 15, 2009, through August 15, 2013.  *See id.*  Dr. Raza found that Plaintiff suffered from pain-producing impairments and that her pain was severe.  *Id.*  He found that she suffered sleep disturbances and fatigue as a result and that she needed regular intervals of rest.  *Id.*  He assessed very significant functional limitations in Plaintiff's ability to carry out the mental demands required of any job, *see* POMS § DI 25020.010(B)(2).  Tr. 1319.  He assessed moderate

limitations[7] in the ability to perform within a schedule and make simple work-related decisions. *Id.* He further assessed marked limitations[8] in the ability to maintain attention and concentration for more than two-hour segments; maintain regular attendance and be punctual within customary tolerance; maintain physical effort for long periods without a need to decrease activity or pace, or to rest intermittently; sustain an ordinary routine without special supervision; work in coordination with/or proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions form pain or fatigue-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.*

The ALJ rejected Dr. Raza's treating opinion because she found that it was "not consistent with [Plaintiff's] *mental health* treatment records and her *mental health* treatment for the period prior to August 16, 2013." Tr. 1514 (emphases added). Plaintiff challenges this reason as "<u>not</u> . . . legitimate." [Doc. 19] at 21. Significantly, Defendant does not disagree. *See* [Doc. 22]. Defendant makes no counter-argument, which amounts to a concession. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Even setting aside the lack of any opposition by Defendant, Plaintiff is correct that the ALJ's evaluation of Dr. Raza's opinion requires remand.

---

[7] A moderate limitation "**seriously interferes** with the individual's ability to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent schedule. The individual may be able to perform this work-related mental function on a limited basis. However, the individual should not be placed in a job setting where this mental function is critical to job performance or to job purpose." Tr. 1319.

[8] A marked limitation "**precludes** the individual's ability usefully to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent schedule. The individual cannot be expected to function indecently [sic], appropriately[,] and effectively on a regular and sustained basis." Tr. 1319.

First, the ALJ's rationale for rejecting Dr. Raza's opinion is not clear; the Court cannot follow it.  The ALJ rejects the opinion because, she says, it is inconsistent with Plaintiff's mental health treatment and mental health records prior to August 16, 2013, Tr. 1514, but the opinion is not obviously about Plaintiff's mental health exclusively.  The title of the form includes the phrase "non-physical," which could refer to mental health.  Tr. 1319.  Certainly, Dr. Raza was aware of Plaintiff's disabling mental health issues when he drafted the report.  To the extent the report relates to Plaintiff's mental health, that unambiguously is not the sole content.  Undoubtedly, the form relates to pain.

The report explicitly records Dr. Raza's opinion as to how Plaintiff's "non-physical work activities are affected by [her] impairment(s), injuries[,] or sicknesses (e.g.[,] pain or fatigue)." *Id.*  The report assesses Plaintiff's pain, sleep disturbances, fatigue, and the need to rest at regular intervals due to pain and/or fatigue.  *Id.*  Because the form is not restricted to the functional limitations resulting from Plaintiff's mental impairments, the ALJ's reason for rejecting it (because it is inconsistent with her mental health treatment and records) is a non-sequitur.  The Court finds that the ALJ's reason for rejecting Dr. Raza's August 16, 2013 treating opinion on Plaintiff's non-physical functioning is not sufficiently related to the opinion.

Even if the ALJ had rejected Dr. Raza's opinion for being inconsistent with Plaintiff's treatment and records generally (as opposed to being inconsistent with only her mental health treatment and records), such reason would not be supported by substantial evidence.  Plaintiff argues that Dr. Raza's opinion was consistent with her diagnoses of pain and pain-producing impairments on or near March 31, 2011 (her DLI).  [Doc. 19] at 20–21 (citations omitted).  She argues further that Dr. Raza's assessed limitations were consistent with her treatment for pain and

related symptoms.⁹  *Id.* at 21 (citations omitted).  In other words, Plaintiff challenges the ALJ's rejection of Dr. Raza's opinion because the ALJ's reason is not supported by substantial evidence (or is overwhelmed by contrary evidence).  Defendant does not argue otherwise, *see* [Doc. 22], and the Court agrees with Plaintiff.

Finally, the ALJ failed to apply the correct legal standard in weighing Dr. Raza's opinion.  Even if the ALJ's finding had been supported by substantial evidence, it would still lack any application of the regulatory factors.  The ALJ failed to apply the required two-phase analysis, with distinct findings at each phase.¹⁰  The ALJ's one-sentence finding does not account for the required, distinct phase-one and phase-two determinations.  *See Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (reiterating that "[o]ur case law, the applicable regulations, and the Commissioner's pertinent Social Security Ruling . . . all make clear that in evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct[,]" and thus, reversing and remanding where "the ALJ simply stopped after the first step[.]"); *Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003) (holding that the treating physician analysis "is sequential," and reversing and remanding where the ALJ failed to complete both steps, and where therefore, meaningful review was not

---

⁹ As Plaintiff points out, the record in this case contains evidence of her pain-producing impairments and treatment therefor.  *Id.* (citing Tr. 232, 248, 251, 271, 304, 309, 312, 350, 360, 368, 378, 839, 842, 845, 848 (records related to records related to painful diabetic neuropathy, carpel tunnel syndrome, chronic pain, left trigger finger, leg swelling, and leg pain)).  After all, the ALJ herself agreed that Plaintiff suffered from severe bilateral carpal tunnel syndrome and diabetes mellitus with diabetic neuropathy.  Tr. 1512.  In other words, there is evidence that could support Dr. Raza's assessed limitations.

¹⁰ The Court does not expect "technical perfection."  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).  There may be circumstances in which collapsing the two phases may still pass muster.  For example, if the Court could follow the ALJ's reasons and those reasons were supported by substantial evidence, a technical shortcoming might not require remand.

possible); SSR 96-2p,[11] 1996 SSR LEXIS 9, *3, 1996 WL 374188, at *4 (explaining the two distinct steps of the treating physician analysis). The ALJ here failed to apply the mandatory two-phase analysis in evaluating Dr. Raza's opinion. She made a phase-one finding (that the opinion was not supported by Plaintiff's mental health treatment and treatment records prior to August of 2013), and stopped there. Tr. 1514. She failed to discuss and make findings at the second phase. This is a legal error requiring remand.

The case will be remanded for an immediate award of benefits.

District courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In making this decision, courts should consider both "the length of time the matter has been pending and whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citation omitted) (quoting *Harris v. Sec'y of Health & Human Servs.,* 821 F.2d 541, 545 (10th Cir. 1987) (remanding for an immediate award of benefits where, *inter alia*, the application had been pending for more than five years)). When the Commissioner has failed to satisfy his burden of proof at step five, and when there has been a long delay as a result of his erroneous disposition of the proceedings, remand for an immediate award of benefits may be appropriate. *Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the Secretary's patent failure to satisfy the burden of proof at step five[] and the long delay [of at least four years] that has already occurred as a result of the Secretary's

---

[11] Although SSR 96-2p was rescinded, it nevertheless applies to Plaintiff's claims because they were filed prior to March 27, 2017. *See* 82 Fed. Reg. 15263 (Mar. 27, 2017).

erroneous disposition of the proceedings"). The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993).

Among other authorities in support of an immediate award of benefits, Plaintiff cites *Ragland*, 992 F.2d at 1060. [Doc. 19] at 26. In that case, the ALJ had relied on a grid rule to find the plaintiff not disabled at step five. The circuit court found reversible error because the ALJ ignored medical evidence showing that the plaintiff could not sit for any prolonged period, and also because the ALJ had improperly weighed the plaintiff's testimony about her ability to lift and about her pain. *Ragland*, 992 F.2d at 1059–60. These limitations (in sitting, lifting, and resulting from pain) precluded exclusive reliance on the grid rule. These limitations would have necessitated testimony from a VE to support the step-five denial of benefits. However, the ALJ had not solicited testimony from a VE. *Id.* at 1056. Ultimately, the court declined to permit the Commissioner another opportunity to gather the evidence from a VE to support his step-five denial. *Id.* Based on the long delay, and on the fact that the delay was attributable to the Commissioner's erroneous disposition of the proceedings, the court remanded for an immediate award of benefits. *Id.*

Defendant urges that benefits should not be immediately awarded because "Plaintiff has not overwhelmingly established disability beginning prior to August 2013." [Doc. 22] at 11 (first citing *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002); and then citing *Groberg v. Astrue*, 415 F. App'x 65, 73 (10th Cir. 2011) (remanding for an immediate award of benefits because there was "no reasonable probability that [the claimant] would be denied benefits")). The phrase

13

"overwhelming established" does not appear in *Orlando Ventura* at all.  537 U.S. at 16.  Instead, *Orlando Ventura* explains that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," but the opinion does not describe what reasons would warrant immediate relief.  *Id.*  Defendant does not discuss *Orlando Ventura* or attempt to explain why it, an immigration appeal, should apply to this, a social security appeal.  [Doc. 22] at 11.  "Overwhelming established" is not the applicable standard here, and Defendant makes no other argument.  *See id.*

Here, there have already been three administrative hearings and three decisions by ALJs.  All three times, Plaintiff met her burden to show disability at the first four steps of the SEP.  Tr. 18, 405, 1521.  This case concerns whether Plaintiff was disabled between January 15, 2009, and August 15, 2013.  The medical evidence is complete as to this time period.  No further medical evidence is needed.  Plaintiff has met her burden.  The Court declines to remand to give Defendant a fourth opportunity to meet his burden.  This case has been pending for more than ten years, and the Court sees no useful purpose in further fact-finding.  As in *Ragland*, the Court will exercise its discretion and remand for an immediate award of benefits.

## Conclusion

The ALJ failed to apply the correct legal standard in evaluating the "non-physical" opinion of Dr. Raza, and her reason for rejecting the opinion was not supported by substantial evidence.  The Court declines to pass on Plaintiff's other allegations of error.  The Motion will be granted, and the case will be remanded for an immediate award of benefits.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Immediate Benefits or a Rehearing [Doc. 19] be **GRANTED**.

The Commissioner's final decision is reversed, and this case is remanded for an immediate award of benefits. *See* § 405(g).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**